UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  4:13CR137 HEA |
| CHARLES RUSSELL WILLIAMS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b).  The Defendant filed a motion to dismiss the indictment or in the alternative a motion to strike, a motion for bill of particulars, and a sealed motion to stay.  The Government responded to the Defendant's motions, and the undersigned held a hearing on the motions on February 12, 2014.  At the hearing, counsel for the Defendant stated that the motion to stay would best be presented to the District Judge after ruling on the motions below.

**#54, Defendant's Motion for a Bill of Particulars**

The Defendant in this case has filed a motion requesting a bill of particulars.  Specifically, the Defendant requests the following:  names of the individuals listed or the account totals for each of the respective accounts or the withdrawal totals; when the Defendant prepared the fraudulent portfolio evaluations; and when it is alleged the Defendant mailed the letters containing the fraudulently prepared portfolio evaluations.  In regard to the fraudulently prepared portfolio evaluations, the undersigned notes that Count II alleges that a fraudulently made portfolio evaluation was mailed on or about June 4, 2008, and in Count III, alleges that a fraudulently prepared portfolio

evaluation was mailed on September 19, 2012.  Thus, the undersigned concludes that the allegations as to the fraudulent mailing portfolio applications are alleged in detail to avoid a bill of particulars.

Further, the purpose of a bill of particulars is to apprise a defendant of the nature of the charges against him and to prevent undue surprise at trial.  <u>United States v. Miller</u>, 543 F.2d 1221, 1224 (8th Cir. 1976).  However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail, or the government's theory of the case.  <u>United States v. Largent</u>, 545 F.2d 1039 (6th Cir. 1976); <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982).  At least some of the requests of the Defendant seek evidentiary detail to which he is not entitled in a bill of particulars.   This includes his request for the exact makeup of the accounts, and the specific names of the individuals to whom the misrepresentations were made.  This is especially true when full discovery has been given in this matter, and according to the Government, the Defendant already knows the identity of these individuals.  <u>United States v. Giese</u>, 597 F.2d 1170, 1180 (9th Cir. 1979).

Further, the undersigned notes that the indictment itself is quite detailed and contains specific dates on which the wires and mails were used in furtherance of the scheme as well what those wire counts and mail counts consist of.   Therefore, the indictment sufficiently informs the Defendant of the charges against him so as to enable him to prepare a defense, avoid the danger of surprise at trial, and to plead acquittal or conviction as a bar to further prosecution on these matters.  See <u>Wong Tai v. United States</u>, 273 U.S. 77 (1927).  Therefore, the Defendant's motion for bill of particulars should be denied.

### #53, Defendant Williams' Motion to Dismiss the Indictment or, in the Alternative, to Strike Paragraph 8 from the Indictment

The Defendant moves to strike paragraph 8 of the indictment or, in the alternative, to dismiss the indictment.

Paragraph 8 of the indictment must be read in conjunction with paragraph 9. Paragraph 8 states that on March 6, 2008, the Securities and Exchange Commission barred the Defendant from association with any investment advisor firm, and revoked Defendant's investment advisor registration.

Paragraph 9 alleges that the Defendant, in spite of this revocation, continued to accept investments in the CR Williams investment fund until 2012. These two paragraphs are incorporated into the scheme to defraud. Thus, the undersigned concludes that in these two paragraphs of the indictment, the Government is alleging that the Defendant continued to sell securities after he was barred from participating in this activity and in spite of the fact that his license had been revoked. The undersigned thus concludes that these two paragraphs should not be stricken from the indictment.

Further, the Government alleges that the Defendant intended to defraud the investing public when he continued to do business without revealing his disbarment to the investing public. However, the Government will have to prove this theory, and the District Judge will determine whether the indictment should be read to the jury in this matter. At this early stage, the undersigned believes that these paragraphs should not be stricken and the indictment should not be dismissed. Therefore, the indictment should not be dismissed at this time.

* * *

In accordance with the memorandum above,

**IT IS HEREBY ORDERED** that the Defendant's Motion for Bill of Particulars [ECF No. 54] be **denied**.

Further,

**IT IS HEREBY RECOMMENDED** that Defendant Williams' Motion to Dismiss the Indictment or, in the Alternative, to Strike Paragraph 8 from the Indictment [ECF No. 53] be **denied.**

As to the motion to dismiss the indictment, the parties are advised that they have fourteen (14) days in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                /s/ Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE

Dated this   7th   day of March, 2014.